Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle, Sr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6348 | **DATE** | 9/16/11 |
| **CASE TITLE** | Terry Hood (#2007-0045986) v. Mr. R. Hinton, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's application to proceed *in forma pauperis* [#3] is denied. The plaintiff is directed to submit a renewed i.f.p. petition that is certified by a trust fund officer; he must also attach copies of his prison trust fund ledgers showing his income for the six months preceding the filing of this action, that is, from 3/13/2011 through 9/13/2011. The plaintiff must also submit an amended complaint (plus a judge's copy and service copies). The Clerk is directed to send the plaintiff an i.f.p. application, an amended complaint form, and instructions along with a copy of this order. Failure of the plaintiff to comply with this order within thirty days will result in summary dismissal of this case. The plaintiff is reminded that he must provide the Court with the original plus a judge's copy of every document filed.

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

The plaintiff, a prisoner in custody at the Cook County Jail, has brought this *pro se* civil rights action purportedly pursuant to 42 U.S.C. § 1983. The plaintiff is suing R. Hinton, a counselor at the Cook County Jail, alleging that Defendant Hinton has retaliated against him for filing a law suit against Cook County Jail medical personnel in 2008, by interfering with his ability to gain access to the law library. Plaintiff has failed either to pay the $350.00 filing fee and his application to proceed *in forma pauperis* is outdated. It is therefore denied.

An incarcerated person seeking leave to proceed *in forma pauperis* must obtain a certificate from a prison official stating the amount of money the prisoner has on deposit in his or her prison or jail trust fund account. While the plaintiff's application was certified by a prison official, the date on the certification is April 21, 2011, more than 4 months old. The plaintiff is reminded that the certification must be properly completed and executed by an authorized officer of his correctional institution, reflecting current trust fund account information.

To enable the Court to make the necessary assessment of an initial partial filing fee, the prisoner must also "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). In the case at bar, not only is the plaintiff's i.f.p. petition is not properly certified by an authorized jail official, but also, he has failed to include copies of his prison trust fund ledgers from the past six months.

In short, if the plaintiff wants to proceed with this lawsuit, he must submit a properly certified i.f.p. petition by an authorized jail official, along with copies of trust fund ledgers showing his income for the six months preceding the filing of this lawsuit [that is, from March 13, 2011, through September 13, 2011]. The Clerk will provide the plaintiff with a blank i.f.p. application. The Clerk shall also forward a copy of this order to the trust fund officer at the Cook County Jail to facilitate compliance. Failure to comply [or, in the alternative, to submit the statutory filing fee of $350.00] will result in summary dismissal of this suit. *See Zaun v. Dobbin*, 628 F.2d 990 (7th Cir. 1980). If the plaintiff submits another improperly certified i.f.p. application, this case will be summarily dismissed pursuant to *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

**(CONTINUED)**

AWL

| STATEMENT (continued) |
|---|

Additionally, the plaintiff must also submit an amended complaint (plus a judge's copy and a sufficient number of copies for service on each defendant named in the amended pleading). The complaint on file does not state a cause of action under § 1983. While the plaintiff alleges that defendant Hinton has limited his ability to access the law library, he has made no allegation that the limitations on his access to the law library prejudiced any pending or contemplated litigation. Inmates' right of meaningful access to the courts does not encompass an unfettered right of access to prison law libraries. *See, e.g., Smith v. Shawnee Library System*, 60 F.3d 317, 323 (7th Cir. 1995). Even "highly restrictive" procedures do not violate constitutional mandates if inmates still have meaningful access to the courts. *Hossman v. Spradlin*, 812 F.2d 1019, 1021 (7th Cir. 1987). An allegation of denial of access to the courts must be more than merely conclusory; a complaint is inadequate if it "offers no specific facts to support these allegations--no court dates missed; no inability to make timely filings; no denial of legal assistance to which he was entitled; and no loss of a case which could have been won." *Lewis v. Casey*, 518 U.S. 343, 351, 135 L. Ed. 2d 606, 116 S. Ct. 2174 (1996). Here, the plaintiff has failed to meet that burden.

To the extent that the plaintiff is attempting to allege retaliation, based on a law suit he filed against Cook County Jail medical staff in 2008, he has also failed to state a cause of action under § 1983. Federal Rule of Civil Procedure 8(a)(2) requires, in relevant part, that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to " give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Rule 8 reflects a liberal notice pleading requirement that focuses the 'litigation on the merits of the claim' rather than some technicality that might keep a plaintiff out of court. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)., *quoting Swierkiewicz*, 534 U.S. *v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Alleging specific facts is not required. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007). However, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff's claim must be "plausible" in that there are "enough facts to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's allegations. *Bell Atlantic*, 550 U.S. at 556. The Court finds that the plaintiff has failed to state a claim for retaliation because as pled his claim is implausible. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (the court should "draw on its judicial experience and common sense" when determining if a complaint states a plausible claim for relief).

For the foregoing reasons, the Court dismisses the complaint on file without prejudice. The plaintiff is granted thirty days in which to submit an amended complaint on the Court's required form. The plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. **As with every document filed with the Court, the plaintiff must provide an extra copy for the judge; he must also submit a service copy for each defendant named in the amended complaint.** The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. The plaintiff is advised to keep a copy for his files. The Clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

In sum, the plaintiff must: (1) either file a properly completed petition to proceed *in forma pauperis* or pay the statutory filing fee; and (2) submit an amended complaint, plus judge's and service copies. The plaintiff should only submit an amended complaint to the extent he can state a valid claim under § 1983. If he submits an amended complaint and the Court finds that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, the Court will dismiss the case with prejudice and issue a strike pursuant to 28 U.S.C. § 1915(g). The Clerk will provide the plaintiff with the necessary forms along with a copy of this order. Failure of the plaintiff to comply with this order within thirty days will result in summary dismissal of this case.